**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00612-CMA-02

UNITED STATES OF AMERICA,
    Plaintiff,

v.

1.  JOSHUA BODEAN SMITH, and
2.  **BIANCA SOTO**,

    Defendants.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

This matter is before the Court on Defendant Soto's Motion to Reconsider Order Denying Motion to Suppress Statements. (Doc. # 204.) In this motion, Defendant Soto requests that the Court reconsider its August 7, 2012 Order (Doc. # 199) that denied Defendant Soto's motion to suppress.

The Federal Rules of Criminal Procedure do not recognize motions to reconsider; this Court has utilized the standard for evaluating a motion to reconsider in the civil context. *See United States v. Banks*, No. 09-cr-00266, 2012 WL 2502754, at *5 (D. Colo. June 28, 20120) (unpublished); *see also United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000). A motion to reconsider is appropriate

where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver,* 952 F.2d at 1243). However, a "motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *D'Armond,* 80 F.Supp.2d at 1170.

Defendant Soto first argues that the Court did not address her argument that statements she made to law enforcement during an interrogation on November 16, 2010 were involuntary. To be admissible, an inculpatory statement "must be made voluntarily and of the defendant's free will." *United States v. Minard*, 208 F. App'x 657, 660 (10th Cir. 2006) (citing *Colorado v. Connelly*, 49 U.S. 157, 167 (1986)). In the Court's August 7, 2012 Order, the Court did not include a separate section concerning this argument. However, based on the Court's review of the audio recording of her interrogation, as well as the testimony presented at the suppression hearing, the Court rejected Defendant Soto's claim that her statements were not voluntarily made. (Doc. # 199 at 8.) To the extent that the Court did not expressly reject Defendant Soto's Due Process Clause argument, the Court finds that there was no coercive police activity that would justify suppressing any statements she made during her interrogation. *See Connelly*, 479 U.S. at 167 ("[C]oercive police activity is a necessary predicate to the finding that confession is not 'voluntarily' within the meaning of the Due Process Clause."). Because there was no coercive activity at any point during the November 16, 2010 interrogation, the Court finds that all statements made by Defendant Soto were voluntary and given freely.

Defendant Soto next contends that the Court did not sufficiently address her arguments concerning her fear about her infant child's safety during the interrogation or her ability to call her mother before the interview commenced. The Court considered both of these arguments before issuing its August 7, 2012 Order and nothing in the instant motion persuades the Court that it erred in finding that Defendant Soto's statements to law enforcement were voluntarily made. Finally, Defendant Soto contends that the Government did not meet its burden of proving that her *Miranda* waiver was given knowingly, intelligently, and voluntarily. As the Court stated in its August 7, 2012 Order, the Government provided credible testimony that Defendant Soto's waiver was given knowingly and intelligently. (Doc. # 199 at 8.) To the extent the Court did not expressly state that it found her waiver to be given knowingly, intelligently, and voluntarily, it does so here.

Accordingly, it is ORDERED that Defendant Soto's Motion to Reconsider Order Denying Motion to Suppress Statements (Doc. # 204) is DENIED.

DATED: August 20th, 2012

BY THE COURT:

s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge